UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| VICTORIA BARNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-CV-88-SNLJ |
| | ) |
| POPLAR BLUFF REGIONAL | ) |
| MEDICAL CENTER, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Victoria Barnett filed this medical negligence case against defendants Poplar Bluff Regional Medical Center, LLC, Poplar Bluff HMA Physician Management, LLC, and Dr. Tracy Sambo. The defendants removed the case to this Court citing this Court's diversity jurisdiction. Plaintiff has moved to remand [Doc. 12].

Defendant Poplar Bluff HMA Physician Management removed this matter after it was served with process. Plaintiff argues that the removal was improper because she believes that the parties are all citizens of Missouri, thus divesting this Court of diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff insists that defendant improperly failed to identify the defendants' principal places of business in the notice of removal, which, plaintiff says, would have shown that defendant entities were citizens of Missouri. However, the two defendant entities are limited liability companies. The Eighth Circuit has held that limited liability companies are citizens of every state of which any member is a citizen. *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d

1

827, 829 (8th Cir. 2004).  Defendants included in the Notice of Removal [Doc. 1] the following information about the citizenship of the two LLC defendants:

> Removing Defendant Poplar Bluff HMA Physician Management, LLC's sole member is Defendant Poplar Bluff Regional Medical Center, LLC.  Poplar Bluff Regional Medical Center, LLC's sole member is Central States HMA Holdings, LLC, which is a citizen of Delaware and Tennessee.  Central States HMA Holdings, LLC, has two members, HMA Hospital Holdings, LP and Health Management Associates, LP, each of which is a citizen of Delaware and Tennessee. HMA Hospital Holdings, LP and Health Management Associates, LP each have two partners, Health Management General Partner, LLC and Health Management Associates, LLC, each of which is a citizen of Delaware and Tennessee. Health Management General Partner, LLC has one member, Health Management Associates, LLC, which is a citizen of Delaware and Tennessee.   Health Management Associates, LLC has one member, HMA-TRI Holdings, LLC, which is a citizen of Delaware and Tennessee. HMA-TRI Holdings, LLC, has one member, CHS/Community Health Systems, Inc., which is a citizen of Delaware and Tennessee.

Following the change of non-incorporated entity memberships, the line ends with an incorporated entity, which has its citizenship in its state of incorporation and its principal place of business.  *See* 28 U.S.C.  § 1332(c).  Defendants have thus sufficiently set forth the citizenship of the two LLC defendants.[1]

Next, plaintiff argues that the citizenship of the defendants has not been expressly stated for both the time of the complaint's filing and the time of removal.  Defendants submitted affidavits establishing that the citizenship of the two LLC defendants did not

---

[1] Notably, the best practice would have been for defendant to have more specifically identified the corporate member's place of incorporation and principal place of business, but plaintiff does not seem to quibble with that detail, and it seems plain that CHS/Community Health Systems, Inc., which is a citizen of Delaware and Tennessee, is incorporated in Delaware and has its principal place of business in Tennessee.  Regardless, this minor point does not cast any "doubt about the propriety of removal." *See State of Missouri ex rel. Carnahan v. Stifel, Nicolaus & Co. Inc.*, 648 F. Supp. 2d 1095, 1096 (E.D. Mo. 2009).

change in the two months between the filing of the complaint and the removal. Defendant Sambo is a citizen of Texas and was at both the time of the filing of the complaint and at the time of removal.  Notably, plaintiff did not file a reply brief contesting either that information nor its effect on her motion.

Finally, plaintiff argued that the defendants had not all consented to removal. Only the removing defendant had, at the time of removal, been served with process, and thus it was the only defendant who had been properly served who was required to consent to removal.  28 U.S.C. § 1446(b)(2)(A).  Even so, the removing defendant included in its notice of removal that "All Defendants have consented to the removal of this action." [Doc. 1 at ¶ 12.]

Plaintiff's motion is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. 12] is DENIED.

Dated this ___19th___ day of November, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE